McCARTHY, JOHNSON & MILLER
LAW CORPORATION
LORI A. NORD, ESQ., #87993
ANA HALLMON, ESQ., #253309
595 Market Street, Suite 2200
San Francisco, CA  94105
Telephone:  (415) 882-2992
Facsimile:  (415) 882-2999
e-mail: lnord@mjmlaw.us
e-mail: ahallmon@mjmlaw.us

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY WELFARE FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY VACATION AND HOLIDAY TRUST FUND; AND BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY LABOR MANAGEMENT COOPERATION COMMITTEE,<br><br>Plaintiffs,<br><br>v.<br><br>PRO INSTALLATIONS, INC., a corporation,<br><br>Defendant(s). | Case No.<br><br>**COMPLAINT FOR MONEY** |

## NATURE OF THE ACTION

1.      This action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1001, et seq.], and more particularly under Sections 1132 and 1145. This action also arises under Section 301 of the Labor Management Relations Act ("LMRA") [29 U.S.C. § 185].  Plaintiffs allege that defendant has unlawfully failed and refused to make required

///

payments to joint labor-management trust funds and employee benefit plans in violation of a collective bargaining agreement and certain trust agreements.

### JURISDICTION, VENUE AND INTRA DISTRICT VENUE

2. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §§ 1331 and 1337. Pursuant to 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties. This is an action authorized and instituted pursuant to Sections 502 and 515 of ERISA [29 U.S.C. §§ 1132 and 1145] and Section 301 of the LMRA [29 U.S.C. § 185].

3. Venue is proper in this District pursuant to Section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)] and Section 301(a) of the LMRA [29 U.S.C. § 185(a)]. Since Plaintiffs' principal place of business is in San Francisco, California, assignment to the San Francisco Division or the Oakland Division of this Court is proper under Local Rule 3-2(d).

### PARTIES

4. At all times material herein, each of the above-named plaintiffs, with the exception of the Northern California Tile Industry Labor Management Cooperation Committee, (hereinafter collectively referred to as "Trust Funds") was and is the Plan Administrator of employee benefit plans within the meaning of Section 3(3) of the Employee Retirement Income Security Act as amended (hereinafter "ERISA"), 29 U.S.C. Section 1002(3) and was and is, a fiduciary within the meaning of Section 3(2)(A)(iii) of ERISA, 29 U.S.C. § 1002(21)(A)(iii), and the named fiduciary within the meaning of Section 402(a)(1) of ERISA, 29 U.S.C. § 1004(a)(1). Plaintiff, Board of Trustees of the Northern California Tile Industry Labor Management Cooperation Committee, is a joint Labor Management Trust Fund organized pursuant to the provisions of Section 302(c)(9) of the Labor Management Relations Act [29 U.S.C. §186(c)(9)] and Section 6(b) of the Labor Management Cooperation Act of 1978 [29 U.S.C. §175a]. Each plaintiff has a fiduciary duty to the employees of the defendant employer to collect funds, to invest and administer said funds, and to protect said funds from claims. Plaintiffs' principal place of business is in San Francisco, California.

5. At all times material herein, defendant PRO INSTALLATIONS, INC., a corporation ("Employer") has been an employer within the meaning of the National Labor Relations Act, as

1 amended ("NLRA") [29 U.S.C. § 151, et sec.], and more particularly under Section 152(2), and within
2 the meaning of ERISA, 29 U.S.C. § 1002(5). At all times material herein, Employer has been
3 engaged in the construction industry in California and, as such, has been engaged in commerce or in
4 an industry affecting commerce within the meaning of the NLRA [29 U.S.C. § 152(6) and (7)] and
5 within the meaning of ERISA [29 U.S.C. § 1002(11) and (12)].

6. At all times herein mentioned, Employer was and now is, a corporation duly authorized by virtue of the laws of the State of California to do business in this State. Employer's principal place of business in California is San Diego, California, with its main Northern California office in Rancho Cordova, California.

## STATEMENT OF FACTS

7. Within four years last past and within all time periods relevant herein, Employer was signatory to a collective bargaining agreement with the Brick Layers and Allied Craftworkers Local No. 3 (hereinafter "BAC Local No. 3") and the various trust agreements establishing each of plaintiff trusts. By said written agreements, Employer promised that it would pay fringe benefit contributions, liquidated damages and interest to the Trust Funds, at rates set forth by the agreements, for work performed by covered employees, which amounts would be paid to the Trust Funds at their place of business in San Francisco, California on or before the 15th day of each successive month.

8. During times material herein, Employer submitted monthly reports of contributions, to the Trust Funds.

9. Under the terms of the aforementioned agreements, Employer agreed to make contributions as required by those agreements and to be subject to and bound by all terms and conditions of the various trust agreements and further promised that in the event any monthly contributions were not paid when due, Employer would pay ten percent (10%) of the amount of the particular contributions due or $300.00 whichever is greater, which sum is increased to twenty percent (20%) in the event the Employer does not pay the delinquent contributions owing within 60 days of its delinquency date, as and for liquidated damages and not as a penalty. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to plaintiffs as a result of the nonpayment of said contributions. The amounts agreed upon

herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the plaintiffs by the nonpayment of said contributions. Under the terms of the trust agreements, in the event it becomes necessary to engage legal counsel to collect amounts due or receive monthly reporting forms, the liquidated damages are added to the principal sum due and unpaid each month and the whole thereof shall bear interest at the rate of ten percent (10%) per annum from its delinquency date until paid.

10. Employer employed workers who performed work covered by the provisions of the agreements while the agreement(s) were in full force and effect.

11. Employer has failed to pay all amounts required by these agreement(s) for that covered work to the Trust Funds. An audit of Employer's books and records for the period of January 1, 2010 through December 31, 2012 shows unpaid fringe benefit contributions of $18,908.68, liquidated damages of $3,781.74 and interest of $5,406.97 through December 15, 2013 for a total of $28,097.39 due from Employer to Trust Funds.

12. In addition, Employer failed to make timely payments to Trust Funds of its fringe benefits for the months of April, May, June, August, September and October 2013 required by these agreement(s) for that covered work, and consequently now owes the Trust Funds the sum of $9,200.45 in liquidated damages and $481.73 in interest through December 15, 2013, for a total of $9,682.15. Adding this amount to the audit shortage referenced in paragraph 11 above, Employer owes the Trust Funds $37,779.57 as of December 15, 2013. This sum continues to accrue interest at the rate of ten percent (10%) per annum from December 15, 2013 until paid.

13. Plaintiffs are informed and believe and thereupon allege that additional amounts are due and owing to plaintiffs from Employer, and plaintiffs will upon leave of Court amend this Complaint to state such amounts when they become ascertained.

14. By the aforementioned agreements, Employer promised that in the event that plaintiffs consulted an attorney or filed litigation in order to collect unpaid contributions or otherwise enforce their rights against it, Employer would pay reasonable attorneys' fees and all other reasonable expenses of collection. It has been necessary for the plaintiffs to engage counsel for the purpose of collecting contributions and damages, and plaintiffs are entitled to reasonable

attorneys' fees in connection therewith.

15. Plaintiffs have complied with all conditions on their part to be performed under the terms of the collective bargaining agreement and the trust agreements.

### CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

16. Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

WHEREFORE, Plaintiffs pray for judgment against Employer as follows:

1. The sum of $37,779.57, plus interest at the contract rate of ten percent (10%) per annum from December 15, 2013 until paid;
2. Reasonable attorneys' fees;
3. Costs of suit and such further relief as the Court deems proper.

Dated: December 19, 2013

McCARTHY, JOHNSON & MILLER
LAW CORPORATION


By: _____/s/_____
LORI A. NORD
Attorneys for Plaintiffs

COMPLAINT FOR MONEY
5